IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATRINA CONLON, | : | CIVIL ACTION |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| TRANS NATIONAL TRUCKING | : | |
| LLC, *et al.*, | : | |
|     Defendants | : | No. 09-5362 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS                                         May 1, 2012
CHIEF UNITED STATES MAGISTRATE JUDGE

       This case is on appeal to the Third Circuit. Defendant-Appellants ("Defendants") have filed a motion, pursuant to Fed. R. App. P. 10(e), to supplement the record to include Exhibits they and Plaintiff submitted within their pre-trial exhibit binders but did not file in the record. Plaintiff opposes the motion. For the reasons set forth herein, Defendants' motion is granted.

       Fed. R. App. P. 10(e)(2)(B) provides as follows:

> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>     (B) by the district court before or after the record has been forwarded . . . .

This provision has been construed to allow for the trial court to expand the record for inclusion of documents or evidence that the trial court had before it and could consider but were inadvertently not filed in the record. *See In re Adan*, 437 F.3d 381, 388 n. 3 (3d Cir. 2006) (explaining that Fed. R. App. P. 10(e)(2)(B) allows for correction of inadvertent omissions, not to introduce new evidence); *United States v. Weisinger*, Crim. No. 86-379-01, 1987 WL 26621, *1 (E.D. Pa. Dec. 1, 1987) (same).

Defendants maintain that documents from their exhibit binder (D-1, D-5 and D-6)[1] and P-17[2] from Plaintiff's exhibit binder should be added to the record so that the Third Circuit will have an adequate record to decide their pending appeal.  Def. Mot. at 2.  This court can confirm that, at the time it considered the relevant motions *in limine*, the parties' exhibit binders had been submitted and they contained D-1, D-5, D-6 and P-17.  Hence, the court was able to and actually considered those documents when it ruled upon the motions *in limine*.  Defense counsel, through either inadvertent omission or a commendable desire not to overburden the court with excessive paper, did not attach these documents to its responsive filings.  This error constitutes the type of omission which can be corrected under Fed. R. App. P. 10(e)(2)(B).  *See In re Adan*, 437 F.3d at 388 n. 3 (explaining that Fed. R. App. P. 10(e)(2)(B) allows for correction of inadvertent omissions, not to introduce new evidence); *United States v. Weisinger*, 1987 WL 26621, *1 (same).  The court will correct this error.

An implementing order follows.

---

[1] D-1 are records from Plaintiff's divorce proceedings in South Carolina, D-6 are internet versions of criminal dockets for the decedent, Jared Conlon and D-6 are internet versions of the criminal docket for Plaintiff.  Defendant's Motion ("Def. Mot.") at 2.

[2] P-17 is the transcript of Plaintiff's deposition.  Def. Mot. at 2.